A. Marvin Strait, President State Board of Accountancy 1525 Sherman Street, Room 117 Denver, Colorado 80203
Dear Mr. Strait:
This is in reply to your request for my opinion on whether the accounting experiences enumerated in C.R.S. 1973,12-2-109(1)(b)(III), constitute an inclusive list of employers and employment situations in the state and federal governments under which an applicant for a certified public accountant ("CPA") certificate can gain the required work experience for licensure. C.R.S. 1973, 12-2-109(1) provides that an applicant who has not attained a graduate degree as provided in subsection (c) must meet certain educational requirements and have twelve months of on-the-job experience as set forth in subsection (b). Specifically, section 12-2-109(1)(b)(III) provides:
 Doing work as an employee of the United States internal revenue service as an income tax field agent, or the United States general accounting office as a comprehensive accountant or auditor, or, the state of Colorado department of revenue as an income tax field agent, or as a comprehensive account or auditor for the State of Colorado.
The on-the-job training can comprise any combination of the job tasks enumerated in subsection (b)(I), (II), or (III).
QUESTION PRESENTED AND CONCLUSION
Is the enumeration in the accountancy law of specific types of experience to meet the license law requirements exclusive of all other types of accounting experience?
My conclusion is "no."
ANALYSIS
In my opinion, the practicing accounting requirements of section12-2-109(1)(b)(III) delineate a class or type of work experience in federal or state employment and are not a limitation of licensure exclusively to those who have held the specified job titles in the stated agencies.
According to C.R.S. 1973, 12-2-101, the legislative purpose in enacting the accountancy statute was in relevant part:
 to insure that persons who hold themselves out as possessing professional qualifications as accountants are, in fact, qualified to render accounting services of a professional nature . . .
In carrying out its stated purpose, the legislature established minimum standards of education and relevant accounting work experience before a person could be certified as a CPA. The experience standard for applicants who have been engaged in government employment was adopted in 1959 and is a functional test requiring applicants to have performed the auditing, field agent, and comprehensive accounting tasks that were then performed by agents, accountants, and auditors of the government agencies referred to in that subsection. Colo. Sess. L. 1959, ch. 32, section 6.
When the Board receives an application from a person who has been employed by a government agency not listed in subsection (b)(II) or at a job title not so listed, the Board must evaluate the applicant's work experience in light of the duties, tasks and applied skill functions exercised in the job classifications listed. Additionally, the Board should evaluate the applicant's prior governmental work experience in light of subsection (b)(III) to determine if the applicant has been doing accounting work under the supervision of a CPA. It is clearly within the legislature's authority to delegate the evaluation of CPA applicants to the Board of Accountancy under this set of standards. Swisher v. Brown, 157 Colo. 378, 402 P.2d 62
(1965); Lloyd A. Fry Roofing Co. v. Department of HealthAir Pollution Variance Board, 179 Colo. 223,499 P.2d 1176 (1972).
It would be unreasonable to construe subsection (b)(III) as limiting qualifying governmental work experience to the agencies and job titles enumerated therein. Such an interpretation would mean that the Colorado CPA licensure standards could be unilaterally changed by either the federal or state government changing its job descriptions or the functional tasks assigned to the listed job titles. Clearly the legislature did not intend such a result.
In addition, constitutional questions would be raised by any construction of subsection (b)(III) which limits CPA qualifying governmental work experience to the agencies and job titles listed. If accountants, field agents and auditors or other agencies such as the Securities and Exchange Commission perform equivalent tasks and receive substantially the same experience as their counterparts in the General Accounting Office or the Internal Revenue Service, there could well be a violation of the equal protection clause. See United States Department ofAgriculture v. Moreno, 413 U.S. 528 (1973).
Therefore, the Board of Accountancy must evaluate applicants with prior governmental work experience according to the functions they have performed in comparison to the functions performed in the job classifications listed in subsection (b)(III) and the work experience described in subsection (b)(II). Those individuals who are otherwise qualified and who have the appropriate job related experience must be licensed. To the extent that the previous Attorney General Opinion No. 65-3873 (June 7, 1965) is inconsistent with this opinion, it is overruled.
SUMMARY
Enumeration of certain types of experience to be considered by the State Board of Accountancy in determining the experience of a license applicant is not exclusive.
Very truly yours,
 J.D. MacFARLANE Attorney General
ACCOUNTANTS AND ACCOUNTANCY LICENSES
C.R.S. 1973, 12-2-109(1)(b)III)
REGULATORY AGENCIES, DEPT. Accounting
Enumeration of certain types of experience to be considered by State Board of Accountancy in determining experience of a license applicant is not exclusive.